United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SADAF TARANNUM,
Plaintiff,

v.

NORDSTROM, INC., et al.,
Defendants.

Case No. 5:26-cv-05005-PCP

**ORDER GRANTING MOTION TO REMAND**

Re: Dkt. No. 23

Pro se plaintiff Sadaf Tarannum brings this lawsuit against her former employer Nordstrom, Inc., Does 1 through 100, and six named defendants: Juvy May Paas, Griselda Casillas, La Huber Rodrieguez, Jasmine Allyson, Anabel Wong, and Melissa Bruner. She asserts the following causes of action under state law: (1) whistleblower retaliation, (2) sexual harassment, (3) retaliation, (4) intentional infliction of emotional distress, (5) fraudulent inducement, (6) negligence, (7) failure to prevent harassment, discrimination, and retaliation, (8) retaliatory fraud, (9) fraudulent deceit, (10) health and safety violations, (11) retaliation, (12) wrongful termination, (13) a separate additional claim for whistleblower retaliation, and (14) "outrageous conduct." Tarannum filed her complaint in Santa Clara Superior Court, and defendants timely removed the case to federal court. Tarannum then moved to remand the case back to state court. For the following reasons, the Court grants the motion to remand.

## LEGAL STANDARD

A defendant may remove a case from state court to federal court only if the federal court would have originally had subject matter jurisdiction over it. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Diversity

jurisdiction under 28 U.S.C. § 1332 requires complete diversity, meaning that all persons or associations on one side of the controversy (i.e., all plaintiffs) are citizens of different states from all persons or associations on the other side (i.e., all defendants). *Strawbridge v. Curtiss*, 2 L.Ed. 435 (1806). To establish diversity jurisdiction, the amount in controversy must also exceed $75,000. 28 U.S.C. § 1332(a). Any party seeking removal bears the burden of establishing federal jurisdiction—in this case, diversity jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)).

Rule 15(a) permits plaintiffs to amend their complaint without a court order or stipulation. Even when a complaint is amended as of right, however, "[28 U.S.C.] § 1447(e) gives the court discretion to consider the propriety and fairness of allowing [an] amendment" that destroys the court's jurisdiction. *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1087 (C.D. Cal. 1999); *San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No. 16-CV-05061-LHK, 2016 WL 7242139, at *6 (N.D. Cal. 2016).

Courts must "construe [a pro se plaintiff's] pleadings liberally and ... afford the petitioner the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (cleaned up).

**ANALYSIS**

Tarannum properly amended her complaint under Federal Rule of Civil Procedure 15. The amended complaint includes non-diverse individual defendants, thus destroying complete diversity. Although this would generally require remand, defendants contend both that the individual defendants were fraudulently joined and that the Court should deny Tarannum leave to pursue claims against this in this action under § 1447(e).

Courts within the Ninth Circuit weigh several factors in determining whether to permit a plaintiff to pursue claims against a non-diverse defendant under § 1447(e), including:

- "whether the claims against the proposed defendant appear valid,"
- "whether the proposed defendant is a necessary party,"

- "whether any statute of limitations would preclude an original action against the proposed defendant in state court,"[1]
- "whether the plaintiff has unjustifiably delayed in seeking joinder,"
- "whether denying joinder would prejudice the plaintiff," and
- "whether joinder is intended solely to defeat federal jurisdiction."

*Santa Clara Valley Water Dist. v. CH2M Hill, Inc.*, No. 19-CV-08295-LHK, 2020 WL 4252677, at *3 (N.D. Cal. July 24, 2020); *see also, e.g.*, *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000); *Villarroel v. Staples, Inc.*, 697 F. Supp. 3d 901, 903–04 (N.D. Cal. 2023). "Any of the factors might prove decisive, and none is [ ] absolutely necessary." *Yang v. Swissport USA, Inc.*, No. C 09–03823 SI., 2010 WL 2680800, at *3 (N.D. Cal. July 6, 2010); *Villarroel*, 697 F. Supp. 3d at 904.

Several factors weigh in favor of permitting Tarannum to pursue her claims against the individual defendants in this action.

First, the claims against them are facially valid and their joinder was not fraudulent. Courts employ a standard lower than that applied on either a motion to dismiss or a motion for summary judgement when determining the apparent validity of claims on a motion to remand. *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1099 (N.D. Cal. 2024) (citing *Avellanet v. FCA US LLC*, No. CV 19-7621-JFW(KSx), 2019 WL 5448199, at *3 (C.D. Cal. Oct. 24, 2019)). "[T]o succeed under this factor, the defendant must establish that plaintiff could not amend his complaint to add additional allegations correcting any deficiencies." *Id.* (citation omitted) (collecting cases). Tarannum brings a claim under Cal. Lab. Code 1102.5 alleging that the individual defendants retaliated against her. "Neither the California Supreme Court nor the state courts of appeal have definitively construed Section 1102.5 with respect to the question of the potential liability of individuals." *Jones v. Greyhound Lines, Inc.*, No. 25-CV-05150-JD, 2025 WL 2437995, at *2 (N.D. Cal. Aug. 25, 2025). Because the statutory language is ambiguous, the Court finds that the individual defendants may be liable and that Tarannum therefore could conceivably amend her

[1] Because there is no statute of limitation issue, this factor is neutral and therefore not part of the Court's analysis.

complaint to correct any pleading deficiencies. *Moore-Thomas*, 553 F.3d at 1244; *see also Bales v. Cnty. of EL Dorado*, No. 2:18-CV-01714-JAM-DB, 2018 WL 4558235, at *2 (E.D. Cal. Sept. 20, 2018) (collecting cases where the court found § 1102.5's language ambiguous and on that basis granted plaintiff's motion to remand).

Next, at least some of the California defendants may be necessary parties. Each worked either in supervisory roles where the incidents took place or in the human resources department. Plaintiff seeks to hold all defendants liable for the same conduct: her treatment while employed at Nordstrom. The individual defendants are thus more than "tangentially related to the cause of action." *Burch*, 758 F. Supp. 3d at 1100. To the contrary, they are potentially the basis for plaintiff's theory of liability. This possibility dovetails with the final factor weighing in favor of remand. Prohibiting Tarannum from litigating her claims against the individual defendants in this action could prejudice Tarannum by forcing her to simultaneously litigate substantially similar lawsuits in state and federal court.

One factor weighs against permitting Tarannum to litigate her claims against the individual defendants in this lawsuit: Tarannum's delay in seeking amendment. Tarannum either knew of or had the potential to know of defendants' roles as she experienced the events personally. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (courts evaluating undue delay determine "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading") (citation omitted).

Finally, defendants rely on the timing of Tarannum's amendment to argue that Tarannum's delay indicates that she added the named defendants to defeat federal jurisdiction. But defendants fail to demonstrate that she sought amendment *solely* to destroy diversity. If a claim against the new defendant appears valid, that provides at least one legitimate motivation for amendment. *See Burch*, 758 F. Supp. 3d at 1102. This final factor is therefore neutral.

**CONCLUSION**

Because at least three factors weigh in favor of permitting Tarannum to pursue her claims against the individual defendants in this action while only one weighs against it, the Court concludes that Tarannum may pursue her claims against the individual defendants in this lawsuit.

Because the presence of these non-diverse defendants precludes the Court from exercising diversity jurisdiction over this matter, the Court REMANDS this action to the Superior Court for the County of Santa Clara. Because the Court lacks jurisdiction to decide the remaining motions, it DENIES WITHOUT PREJUDICE all other pending motions.

**IT IS SO ORDERED.**

Dated: July 27, 2026

P. Casey Pitts
United States District Judge